IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAKOTA BEEF, LLC,

    Plaintiff,

v.    No. 05 C 4188

KENNETH PIGORS and PRIDIE FARMS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendants Kenneth Pigors ("Pigors") and Pridie Farms have brought a motion to dismiss this case for improper venue under Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer the case to the District of South Dakota pursuant to 28 U.S.C.A. § 1404(a) (2005). On such a motion, I read the complaint liberally and draw all reasonable inferences in favor of the plaintiff. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). Where conflicting evidence is presented, I resolve factual disputes in the plaintiff's favor. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). For the following reasons, that motion to dismiss is granted.

I.

Plaintiff Dakota Beef, LLC ("Dakota Beef"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Pigors is an individual residing and conducting

business in South Dakota. "Pridie Farms" does not appear to exist as an official legal entity, but rather is a moniker used by Angela Jackson-Pridie ("Jackson-Pridie") to market beef products from her family farm. The Pridie farm has its principal place of business in Akron, Iowa, and Jackson-Pridie is attending school and living in South Dakota through the end of the current semester.

Dakota Beef produces and sells certified organic beef products. It alleges that it has continuously used the trademark "Dakota Beef" in marketing its products since 2001, and that its products are nationally recognized by that trademark. It further alleges that defendants produce and sell beef through two websites, www.mynaturalbeef.com and www.localharvest.com. Plaintiff claims that in 2005, when defendants began offering organic beef products, they promoted, advertised, and sold their product as "Dakota Organic Beef." They also allegedly made statements, on the two websites mentioned above, that falsely connect and confuse their products with those of the plaintiff (such as stating, on a website, that their products are sold by certain distributors who actually only sell plaintiff's products). As a result, Dakota Beef has brought deceptive trade practices, consumer fraud, unfair competition, false advertising and trademark infringement claims against defendants. Pigors, in turn, has brought counterclaims against plaintiff alleging plaintiff's actions constitute trademark

infringement and trademark dilution and false designation of origin, as well as cybersquatting. Pigors alleges that he trademarked the term "KPS Dakota Organic Beef" in 1998, has operated the "Dakota Organic Beef" Ranch since the 1980s, and has advertised his products under the name "Dakota Organic Beef" since 1991.

II.

I first address defendants' argument that this district is not a proper venue for this case. Civil actions such as plaintiff's which are not brought on diversity grounds may be brought in

> (1) a civil district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(b). Since defendants do not reside in this district, the only basis for venue for this case would be if a "substantial part of the events . . . giving rise to the claim occurred" in this district or if a substantial part of the property that is the subject of this action is situated in this district. Id.[1]

---

[1]Plaintiff argues that the plaintiff does have property in the Northern District which is the subject of this action, but cite no cases that a trademark or the goods which are sold under a trademark are "property" for purposes of this statute. This court

Defendants argue that this requirement has been met, relying on the Seventh Circuit's decision in *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club Ltd. P'ship*, 34 F.3d 410 (7th Cir. 1994). In that case, the court affirmed the district court's finding that the Southern District of Indiana was the appropriate venue for a trademark infringement suit brought by an Indiana-based sports franchise against a Maryland-based franchise. *Id.* at 412. The court based this holding entirely on its finding that the court had personal jurisdiction over the defendants.[2] *Id.* at 412. The court found that, because the plaintiff used the trademarks at issue in the case primarily in Indiana, "the defendants assumed the risk of injuring valuable property located in Indiana." *Id.* at 411. The Seventh Circuit cited *Calder v. Jones*, 465 U.S. 783 (1984) and its holding that the state where the victim of defamation lived had jurisdiction over the victim's defamation suit. *Id.* at 412. Relying on the *Indianapolis Colts* decision, plaintiff in this case concludes that venue is appropriate in

---

can find no precedent that this is so.

[2] Other courts have noted that the analysis of proper venue under § 1391 is similar to the analysis for personal jurisdiction. *See Methode Elecs., Inc. v. Adam Techs., Inc.*, No. 03 C 2971, 2001 WL 21799934, at *10 (N.D. Ill. July 25, 2003) (citing *French Transit, Ltd. v. Modern Coupon Systems, Inc.*, 858 F. Supp. 22, 27 (S.D. N.Y. 1994)).

Illinois because plaintiff resides in Illinois and thus confusion is likely to occur here.[3]

In its analysis of personal jurisdiction in *Indianapolis Colts*, which the opinion then referred to in its analysis of venue, the Seventh Circuit discussed the fact that in *Calder* and all other cases in which jurisdiction in an intellectual property suit was upheld, "the defendant had done more than brought about an injury to an interest located in a particular state. The defendant had also 'entered' the state in some fashion." *Indianapolis Colts*, 34 F.3d at 410. Thus, the Seventh Circuit explicitly did not hold that the commission of a tort causing injury in Indiana without entering the state is enough to create either personal jurisdiction or a proper venue. *Id.* ("We need not rest on so austere a conception of the basis of jurisdiction."). Using a similar analysis, Judge Grady determined in *Methode Electronics* that venue was not proper in Illinois where the defendant did not distribute advertising in Illinois or otherwise have any contacts with the forum in allegedly infringing upon the trademark held by an Illinois corporation. *Id.* at *3-4 (granting sanctions against

---

[3]Plaintiff also cites 5 J. Thomas McCarthy, *McCarthy on Trademarks* § 32.64 (4th ed. 2005) which summarizes cases and notes that a "'substantial part' of events triggering infringement occurs both in the district where the infringer is located and in the district where the trademark owner is located and confusion is likely to occur."

5

plaintiff for false statements in complaint alleging defendant had contacted forum). For this same reason, other courts have determined that the events "giving rise" to a trademark claim for purposes of § 1391 occur in the location where the defendant attempts to pass off its product as the plaintiff's trademarked product. *Event News Network v. Thill*, No. 05 C 2972, 2005 WL 2978711, *3 (N.D. Ill. Nov. 2, 2005) (Conlon, J.); *Halsoprodukter Lab Karnerud AB. v. Gero Vita Int'l*, No. 93 C 2129, 1993 WL 384525, *4 (N.D. Ill. Sept. 28, 1993) (Aspen, J.) (citing *Tefal, S.A. v. Products Int'l Co.*, 529 F.2d 495, 496 n.1 (3d Cir. 1976); *Ultimo, Ltd. v. Ultimo, Inc.*, No. 92 C 2659, 1993 WL 69651, *3 (N.D. Ill. March 11, 1993) (Anderson, J.)).

As noted above, it is useful to compare the law on personal jurisdiction to the law of venue in order to assess the appropriateness of plaintiff's chosen venue here. In addressing "minimum contacts" for purposes of personal jurisdiction where the contacts at issue took place via the internet, courts have distinguished between "interactive" websites where a defendant does business over the internet in a foreign jurisdiction and "passive" websites where the defendant merely posts information which is accessible to users in a foreign jurisdiction. *See, e.g., Aero Prods. Int'l v. Intex Corp.*, 02 C 2590, 2002 WL 31109386, *5 (N.D. Ill. Sept. 20, 2002) (Darrah, J.) (citing *Zippo Mftg. Co. v. Zippo*

6

*Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). In the latter, personal jurisdiction is not appropriate in the foreign jurisdiction because a passive website that is accessible from the foreign jurisdiction is not a "minimum contact" with that jurisdiction. *Id.*

Here, the infringement plaintiff points to in its complaint allegedly occurred on the websites www.mynaturalbeef.com and www.localharvest.com. Jackson-Pridie states in an affidavit attached to her motion to dismiss that she assisted Pigors in marketing his products. She states that she never sent any solicitations on Pigors's behalf into Illinois or any other state, and did not travel to Illinois to sell beef or meat products. Further, she states that the servers on which the allegedly infringing materials were placed are not located in Illinois. While one of these two websites is equipped to take orders from customers, only two orders were ever received from the website, and no orders were actually fulfilled. No orders were ever shipped to Illinois.[4] This is not enough to constitute a "substantial" part of the infringement alleged, or to suggest that defendants had any

---

[4]Jackson-Pridie states in her affidavit, and plaintiff does not dispute, that one of those orders appeared to have been placed the day before this lawsuit was filed by the general counsel for plaintiff, who resides in Illinois. Her affidavit does not specify from where the other order was placed.

meaningful contact with Illinois. For this reason, defendants' motion to dismiss for improper venue is granted.[5]

ENTER ORDER:

*Elaine E. Bucklo* (signature)

———————————————
**Elaine E. Bucklo**
United States District Judge

Dated: July 18, 2006

---

[5]The facts informing this analysis also suggest that whether this court has personal jurisdiction over the defendants is also in question. Defendants have asserted personal jurisdiction as an affirmative defense to plaintiff's complaint but have not brought a separate 12(b)(6) motion on that ground. For that reason, I need not consider this defense at this point in time.

8